UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUCK A. FRALY #461481,

       Plaintiff,                        Hon. Hala Y. Jarbou

v.                                      Case No. 1:22-cv-138

UNKNOWN PARTY #1, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action against Jacob Graft and multiple unidentified parties. Because Plaintiff has been permitted to proceed as a pauper (ECF No. 9), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted. The undersigned further recommends, in the alternative, that Plaintiff's complaint be dismissed for failure to prosecute and failure to comply with the Court's orders.

## BACKGROUND

Plaintiff initiated this action on or about December 13, 2021, in the United States District Court for the Eastern District of Michigan.   The case was later transferred to this Court.   Because Plaintiff's complaint is illegible, the Court, on February 22, 2022, ordered Plaintiff to "resubmit his complaint in a legible format within fourteen days." (ECF No. 10).   Plaintiff failed to comply with the Court's Order.

## ANALYSIS

A.    Failure to State a Claim

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint□s allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.    Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Because Plaintiff's complaint is illegible, the Court cannot determine the basis for Plaintiff's lawsuit, the causes of action Plaintiff is asserting, or any of the facts on which such rest.    As such, Plaintiff has failed to demonstrate that he is entitled to any relief in this matter and his complaint must be dismissed.    *See, e.g., Munson v. Trueblood*, 2020 WL 4004820 at *2 (N.D. Fla., June 9, 2020) (complaints which are "illegible or incomprehensible" are subject to dismissal); *Favor-El v. Rome*, 2016 WL 8730890 at *2 (E.D. Cal., Aug. 19, 2016) (same).    Plaintiff was afforded an opportunity to correct these deficiencies and instead simply disregarded the Court's Order.    Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted.

B.    Failure to Prosecute and Follow the Court's Orders

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."    *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).    This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."    *Id.* at 629-30.    Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein.    *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered.    *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend that Plaintiff's claims be dismissed with prejudice.    The Court ordered Plaintiff to submit a legible complaint so that this matter could proceed.    Plaintiff, however, disregarded the Court's Order.    Plaintiff's failure in this regard is willful and manifests bad faith.    Plaintiff's conduct prevents this Court from assessing whether his complaint states a viable claim for relief.    It further prevents Defendants from understanding the basis for Plaintiff's

claims and allegations and prejudices their ability to defend against such.    Considering the circumstances, the undersigned finds that dismissal is appropriate.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that this action be dismissed for failure to state a claim on which relief may be granted.    The undersigned further recommends, in the alternative, that Plaintiff's complaint be dismissed for failure to prosecute and failure to comply with the Court's orders.    For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.    *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Date: March 23, 2022                              /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge